JOHN H. GWYNN, PLAINTIFF IN ERROR, v. FRANK G. HITCHNER AND E. FRANK YERKES, CO-PARTNERS, TRADING AS HITCHNER & YERKES, DEFENDANTS IN ERROR.

---

THOMAS J. O'MALLEY, PLAINTIFF IN ERROR, v. FRANK G. HITCHNER AND E. FRANK YERKES, CO-PART-NERS, TRADING AS HITCHNER AND YERKES, DE-FENDANTS IN ERROR.

Submitted March 25, 1902—Decided June 16, 1902.

1. When a workman has agreed to do, to the satisfaction of his employer, work, the excellence of which is to some extent a matter of taste, the doing of the work in a manner unsatisfactory to the employer is a breach of contract for which the employer may discharge the workman.

2. By such a contract the employer reserves to himself the right to pass upon the excellence of the work. It should not be left to a jury to say whether the employer ought to have been satisfied.

3. In a suit by a workman under such a contract to recover compensation for an unlawful discharge, proof may be legitimately directed at the trial to the questions whether the employer was dissatisfied, and whether he discharged the workman because of dissatisfaction.

4. Where the testimony as to these questions is in conflict, the direction of a verdict for the defendant is erroneous.

On contract. On error to the Camden County Circuit Court.

For the plaintiffs in error, *John W. Wescott* and *Francis D. Weaver.*

For the defendants in error, *Edward G. C. Bleakly.*

The opinion of the court was delivered by

ADAMS, J. These two cases were tried together at the Circuit and argued together in this court. The trial judge directed a verdict for the defendants in each case. Exception was taken, in each case, to this direction, and on these exceptions error has been assigned. There were other exceptions to the admission and exclusion of evidence that need not now be considered.

The defendants, partners under the firm name of Hitchner & Yerkes, are manufacturers of wall paper, doing business in the city of Camden. Each of the plaintiffs is a color mixer, and each entered the employment of the defendants under an unsealed written contract. These contracts are in the following words:

*"Article of agreement.*—This agreement, made the 1st day of July, 1899, between the firm of Hitchner & Yerkes, wall paper manufacturers, of Camden, New Jersey, and T. J. O'Malley, of Philadelphia, witnesseth, that the said firm of Hitchner & Yerkes hereby covenants and agrees to employ and does employ the said T. J. O'Malley as a color mixer in and about the works of the said firm, at said Camden, New Jersey, for the term of twelve months from July 1st, 1899, to July 1st, 1900, at the weekly salary of thirty dollars per week for and during said term; provided, the said T. J. O'Malley shall at all times during the continuance of this agreement perform the duties incident and attaching to his said employment as color mixer as aforesaid in a skillful and workmanlike manner. The firm of Hitchner & Yerkes further agrees that no moneys shall be deducted from the con-

sideration above mentioned and agreed to be paid for and on account of any absence from legal holidays allowed by the Association of Printers and Color Mixers of the United States; that the said firm agrees to pay union prices for night work to the said T. J. O'Malley. And the said T. J. O'Malley hereby accepts this agreement of employment, and in consideration of same agrees to perform his duties as a color mixer in a skillful and workmanlike manner and to the satisfaction of the said firm. And be it furthermore agreed between the firm of Hitchner & Yerkes and T. J. O'Malley that no intoxicant drinks shall be indulged in during working hours. In witness whereof, the said parties have hereto set their hands and seal this first day of July, eighteen hundred and ninety-nine." [Signed by the parties.]

"Camden, N. J., January 15th, 1900.

"We, the firm of Hitchner & Yerkes, manufacturers of wall paper, in Camden, New Jersey, do hereby agree to employ the said John Gwynn as a color mixer, from the above date until the first day of July, 1900, at a salary of thirty dollars per week. The said John Gwynn is to perform his work in a workmanshiplike manner and satisfactory to the above firm. He further agrees not to use intoxicants during working hours.

"(Signed)    Hitchner & Yerkes.

"Salary of $30.00 per week inserted after signing.
"(Signed)    H. & Y."

It will be observed that each contract is for a term of service ending on July 1st, 1900, and requires the workman named in it to do his work to the satisfaction of his employers. Each workman was dismissed by his employers before the expiration of the term of service specified in his contract; John H. Gwynn on April 1st, 1900, and Thomas J. O'Malley on April 9th, 1900. Each workman thereupon brought suit for breach of contract. The declarations, which are substantially identical, count on the contracts and allege an unlawful

discharge before the expiration of the term of service. The defendants have pleaded the general issue, and rely, in justification of the discharge, solely on dissatisfaction with the work done by the plaintiffs.

The learned trial judge, in directing a verdict for the defendants, gave his reason for this instruction in the following words:

"The Supreme Court of New Jersey, by which I am bound, has said that courts will not assume to determine the question of satisfaction for the person who reserves the right to exercise his own judgment; and it has also said that when a contract permits the defendant to decide for himself when work is done to his satisfaction he cannot be deprived of that contract right. It has further said it was incumbent on the plaintiff, in order to recover, to show that the defendant was satisfied—that it was not enough to show that the defendant ought to have been satisfied, and that his dissatisfaction was without good reason. Clearly, the defendants in this case have reserved that right. The case before the court is similar, in all material respects, in all respects that go to the essence of the case and the ground of action, to that which the Supreme Court decided; and whatever my own individual view may be, the Supreme Court lays down the law, and I am bound to be guided by it. It is, therefore, my duty, as a trial judge in this case, in view of the law laid down by the Supreme Court of this state in the case of Gwynn v. Hitchner, to direct a verdict for the defendants in both of these cases."

The case referred to by the trial judge is that of *Gwynne* v. *Hitchner*, 37 *Vroom* 97. This was a suit brought in the Camden District Court by one of these plaintiffs against these defendants, for the same cause which that plaintiff asserts in one of the actions now under review. The plaintiff in that case had a judgment in the District Court, which was taken, by writ of *certiorari*, to the Supreme Court, and was there reversed. The opinion is by Mr. Justice Van Syckel. The head-note is as follows:

"The plaintiff was employed four and a half months as a color mixer by the defendants in the manufacture of wall

paper. He agreed to do his work in a workmanlike manner and to the satisfaction of the defendants. *Held,* that the defendants had a right to judge for themselves whether his work was satisfactory, and that it should not have been left to the jury to determine whether they ought to have been satisfied."

An examination of this case shows that, at the trial in the District Court, the judge virtually left it to the jury to determine, under the evidence, whether the employers had reasonable cause to be dissatisfied. This ruling the Supreme Court held to be erronous. The opinion goes, at least, to this extent: That when a workman has agreed to do, to the satisfaction of his employer, work, the excellence of which is, as in the cases before us, to some extent a matter of taste, the doing of the work in a manner unsatisfactory to the employer is a breach of contract, for which the employer may discharge the workman. The authority of Gwynne *v.* Hitchner has not been attacked by counsel for the plaintiffs in error. It will be assumed that it lays down correctly the law by which these cases are to be decided.

Certain distinctions are to be kept in mind. To be dissatisfied with the work of an employe is one thing. To discharge him because of such dissatisfaction is another thing. An employer may be dissatisfied with the work of one of his men and may yet retain the workman in his employment, or he may be dissatisfied and may discharge the workman, not because of dissatisfaction, but for some other reason. Again, to speak accurately, what these two plaintiffs are complaining of is not dissatisfaction, but discharge. The question whether the employers ought to have been satisfied does not arise under either of these contracts. Therefore it would not be legitimate for either workman to prove that, in his opinion and in the opinion of others, he had done good work, if the purpose, in making such proof, were merely to raise an inference that the employers were, or should, or must have been satisfied. This would be only an indirect way of saying that the employers ought to have been satisfied. The employers have reserved to themselves the decision as to the excellence

of the work. From their taste and judgment there is no appeal.

In order to legalize the discharge of either workman before the expiration of his term of service, two elements must have been present in the situation—*first,* the employers must have been dissatisfied with his work, and *secondly,* the dissatisfaction must have been the cause of discharge. Either plaintiff, therefore, would exhibit a good cause of action against the defendants, if it should appear, as a result of the proof in the cause, that there was a contract of employment; that the plaintiff was discharged before the expiration of his term of service, and either that the defendants were not dissatisfied with his work, or that, however this may have been, they did not discharge him because of dissatisfaction. There were thus, in each case, two leading questions, to which, among others, proof at the trial on both sides might properly be addressed, namely, whether the defendants were dissatisfied, and whether, if they were dissatisfied, they discharged the plaintiff for that reason.

It may be objected that, from the nature of things, it was for the defendants alone to say whether they were dissatisfied, and that their testimony on this point would be conclusive. Here it is necessary to distinguish again. It is true that such an averment as I believe, I doubt, I am certain, I am satisfied, relates to a matter as to which no primary evidence can be given, except by him of whose experience it is a part. But as men are always acting and talking, their acts and words continually afford material from which rational inferences may be drawn as to the mental state and attitude of the actor and speaker. Proof of such acts and words is therefore admissible as tending either to prove or to disprove the existence of a specified condition of mind, motive, reason or purpose.

It appears from the bill of exceptions that the testimony and proofs at the trial were directed, on both sides, to the critical points. The defendants testified that the plaintiffs did not do satisfactory work, and were for that cause discharged. On behalf of the plaintiffs there was evidence tend-

ing to show that the defendants had declared themselves to be satisfied with the work of each plaintiff; that they discharged Gwynn because they had hired another man, and could not afford the expense of three color mixers; and that they discharged O'Malley because, as they understood, they had received notice, both from him and from a committee of the Association of Printers and Color Mixers, that O'Malley would leave unless Gwynn was reinstated.

This conflict of proof raised disputed questions of fact for the jury to decide. The direction of the verdict for the defendants was therefore legal error. The judgments are reversed, and a *venire de novo* is awarded in each case.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 16.